Booth, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
This controversy was originally before the court in 1911, 46 C. Cls., 109, the claimant company at that time recovering a judgment under a special jurisdiction act, 34 Stat. L., 2567, for $2,000. The suit was the result of a collision between the U. S. S. Colorado and the claimant’s barge, claimant at that time being engaged under contract with the Government in constructing an extension to certain piers at the League Island Navy Yard. The special jurisdictional act restricted in express words the extent of the recovery in event of liability in the first case, only “ damage to barge, tools, and machinery ” being included therein.
On September 15, 1914, the Congress passed the act involved in the present case, as follows:
“Beit enacted by the Senate and House of Representatives of the United States of America in Oongress assembled, That the claim of the Snare & Triest Company for reimbursement for all losses to them, including damage to pier growing out of a collision by the United States ship Colorado on the night of February ninth, nineteen hundred and five, at League Island Navy Yard, be, and the same is hereby, referred to . the Court of Claims, with jurisdiction to hear and determine the same to judgment: Provided, That the petition is filed within six months from the date of this act.”
In opposition to the claim reliance is placed upon two propositions, one of law, the other of fact. It is again asserted, as in the former case, that the language of the last *203 legislation circumscribes the recovery and limits the defendants’ liability to damages to the pier. The principle announced in Blair v. Chicago, 201 U. S., 471, is applicable and was applied by the court in its opinion under the first jurisdictional act, but it is not apposite here. The grant of jurisdiction in the last act was intended to cover the omissions of the first one. The statute now in issue is remedial, intended for a special purpose, and is presumed to have been enacted with full knowledge of the judicial construction placed upon the earlier act. The express language of the act of 1914 clearly contemplates recovery for all losses provable under the law, thus including items of loss which might have been expressly mentioned in the first instance. Legislation of this character is not unusual in cases sent to this court by special jurisdictional acts. Not infrequently such acts are materially enlarged in the scope of authority originally granted by subsequent legislation upon the same subject matter. No sound reasoning can be advanced for withholding jurisdiction in this case, in view of the language used, especially so where it is clear that the Congress not only intended to correct a previous omission, but employed terms sufficiently comprehensive to cover the whole controversy.
The objection as to want of sufficient proof as to extent of loss occasioned by delay in the prosecution of its contract due entirely to the collision is not wholly without merit. The record, while convincing, is not as full as it should be. We have concluded to allow the item upon the testimony in the record showing the detail of expense incident to the upkeep of claimant company’s plant during the period of enforced idleness. The extent of delay is fully corroborated, and in view of this fact, coupled with the conceded knowledge that expense must have necessarily followed, and because of the entire absence of anything to.the contrary, we feel safe in adopting it. In a more complicated case, however, the same course might not be pursued.
The claimant’s motion for a new trial is allowed, the former findings are vacated and set aside, and judgment will be entered for the claimant in the sum of $2,536.93. It is so ordered.